# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SHERI S.[1]**, <br><br>         Plaintiff, <br><br>   v. <br><br> **ANDREW M. SAUL,** Commissioner <br> of Social Security, <br><br>         Defendant. | Case No. 6:19-cv-808-SI <br><br> **OPINION AND ORDER** |

Kevin S. Kerr, SCHNEIDER, KERR & ROBICHAUX, P.O. Box 14490, Portland, OR 97293.
Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney,
UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204;
Shata Stucky, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social
Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.
Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Sheri S. brings this action pursuant to § 205(g) of the Social Security Act ("the

Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party. When applicable, this opinion uses the same designation
for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Act. For the reasons that follow, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff applied for DIB on July 27, 2015. AR 15. In her application, she alleged disability beginning March 24, 2014. *Id*. Plaintiff's claim was denied initially on October 19, 2015 and upon reconsideration on January 27, 2016. *Id*. Plaintiff appealed and testified at a hearing held before an Administrative Law Judge ("ALJ"). On May 16, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 15-25. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1. Plaintiff was born on May 17, 1969, making her 44 years old at the time of the alleged disability onset. AR 63.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.      Is the claimant's impairment "severe" under the Commissioner's
        regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An
        impairment or combination of impairments is "severe" if it significantly
        limits the claimant's physical or mental ability to do basic work activities.
        20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death,
        this impairment must have lasted or be expected to last for a continuous
        period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the
        claimant does not have a severe impairment, the analysis ends. 20 C.F.R.
        §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe
        impairment, the analysis proceeds to step three.

3.      Does the claimant's severe impairment "meet or equal" one or more of the
        impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
        then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii),
        416.920(a)(4)(iii). If the impairment does not meet or equal one or more of
        the listed impairments, the analysis continues. At that point, the ALJ must
        evaluate medical and other relevant evidence to assess and determine the
        claimant's "residual functional capacity" ("RFC"). This is an assessment
        of work-related activities that the claimant may still perform on a regular
        and continuing basis, despite any limitations imposed by his or her
        impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),
        416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis
        proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC
        assessment? If so, then the claimant is not disabled. 20 C.F.R.
        §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform
        his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience,
        is the claimant able to make an adjustment to other work that exists in
        significant numbers in the national economy? If so, then the claimant is
        not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v),
        404.1560(c), 416.960(c). If the claimant cannot perform such work, he or
        she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this

burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however,

the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54;

*Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status

requirements of the Social Security Act and had not engaged in substantial gainful activity since

the date of alleged disability onset. AR 17. At step two, the ALJ found that Plaintiff has the

following severe impairments: obesity, degenerative disc disease of the lumbar spine, peripheral

edema, recurrent cellulitis of the left leg, and cognitive side effects of medication. AR 17-20. At

step three, the ALJ determined that Plaintiff does not have an impairment that meets or medically

equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20.

At step four, the ALJ determined Plaintiff's RFC and found that Plaintiff could perform

> light work as defined in 20 CFR 404.1567(b). The claimant can
> frequently stand or walk up to six hours, and sit up to six hours, of
> an eight-hour workday with normal breaks. The claimant requires a
> sit/stand option in which she can change positions every 30
> minutes for a period of five minutes while remaining at the
> workstation. The claimant cannot climb ladders, ropes, or
> scaffolds. She can occasionally climb ramps and stairs, frequently
> balance, occasionally stoop, rarely (up to 15% of the workday)
> crouch and kneel, and never crawl. She must avoid all use of
> moving or dangerous machinery, or exposure to unprotected
> heights. The claimant is limited to occupations in which

>concentration is not critical (careful, exact evaluation and
>judgment)

AR 20. Based on these limitations, the ALJ found that Plaintiff was able to perform her past

relevant work as a locksmith. AR 23-24. The ALJ thus concluded that Plaintiff was not disabled.

AR 25.

## DISCUSSION

### A. Evaluation of Plaintiff's Mental Conditions

The ALJ found that Plaintiff suffered from cognitive side effects of medication. AR 17.

In calculating the RFC, the ALJ accounted for these side effects by including a limitation "to

occupations in which concentration is not critical (careful, exact evaluation and judgment)."

AR 20. Plaintiff argues that the ALJ created "a vague mental limitation as part of the RFC" and

failed to perform a "function-by-function assessment." Plaintiff contends that the RFC provision

accounting for her cognitive side effects is unclear because it does not adequately describe

Plaintiff's deficiencies in concentration. She also argues that the RFC limitation is inconsistent

with the ALJ's statement that Plaintiff "has moderate limitations in concentration." AR 19.

Plaintiff asserts that this "moderate limitation" should have been incorporated into Plaintiff's

RFC and the ALJ erred by not giving the limitation "as a hypothetical" to the vocational expert.

Plaintiff does not explain how the RFC limitation to occupations "in which concentration

is not critical" is inconsistent with "moderate limitations in concentration." The ALJ included the

RFC limitation in his hypothetical to the VE, and it is not clear that Plaintiff's preferred

characterization of her cognitive side effects of medication (*i.e.*, that Plaintiff suffers from a

"moderate limitation") would have had any effect on the VE's response. AR 54. Plaintiff cannot

show that the way the ALJ phrased the limitation was "unclear," and in any event, neither the VE

nor Plaintiff's counsel asked the ALJ to clarify the hypothetical limitation at the hearing.

AR 54-55. The record contains no medical opinions that support more restrictive mental limitations than those assessed in the RFC. Even Plaintiff's own treating doctor, Thomas Gilberts, M.D., opined that Plaintiff "could sustain sufficient attention and concentration needed to understand, remember and carry out detailed instructions and/or tasks (as opposed to just simple one- or two-step instructions/tasks)." AR 1564. He further opined that Plaintiff's attention and concentration would be impaired only for a "negligible" percentage of a standard workweek. *Id*. The ALJ's evaluation of Plaintiff's mental conditions is supported by substantial evidence.

**B. Opinion of Dr. Gilberts**

Plaintiff argues that the ALJ improperly gave only partial weight to the opinion of Dr. Thomas Gilberts, M.D., Plaintiff's treating provider since 2016. In a form opinion, Dr. Gilberts opined that Plaintiff would need to elevate her feet above the heart every three to four hours to alleviate swelling, pain, and discomfort; that Plaintiff could occasionally lift or carry 10 pounds and frequently lift or carry less than 10 pounds; that she could stand or walk less than 2 hours in an 8-hour day; that she could sit less than two hours in an 8-hour day; and she should lie down or recline intermittently throughout the day. AR 1563. Dr. Gilberts stated that Plaintiff would have "sedation" from her pain medication and would be expected to miss more than two full workdays per month from even a simple and routine job because of her impairments, symptoms, or medications and their side effects. AR 1564.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v.*

*Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

 Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43. An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison*, 759 F.3d at 1013; *see also Smolen*, 80 F.3d at 1286 (noting that an ALJ effectively rejects an opinion when he or she ignores it).

 "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d

at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). "[T]he opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted); *but see id*. at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Dr. Gilberts is Plaintiff's treating physician, but because the state medical consultants contradicted his opinion, the ALJ must provide specific, legitimate reasons for discounting Dr. Gilberts' opinion. The ALJ explained that the opinion was entitled to only partial weight because Dr. Gilberts did not point to specific treatment or records in support of the limitations he assigned to Plaintiff and because the opinions appeared "to be based largely on the claimant's subjective allegations and stated activities, rather than objective findings." AR 22. The ALJ also found that Plaintiff's activities of daily living were inconsistent with Dr. Gilberts' evaluation of the scope of Plaintiff's disability. *Id.*

### 1.  Treatment Records and Subjective Allegations

Plaintiff contends that the reasons the ALJ gave for discounting Dr. Gilberts' opinion were not specific and legitimate. Although Plaintiff agrees that Dr. Gilberts did not cite specific treatments or records to support his opinion, Plaintiff argues that the treatment notes in the record support Dr. Gilberts' findings. Plaintiff indeed points to several notes in the record where Dr. Gilberts observed Plaintiff's condition as limiting. But the ALJ did not entirely dismiss Dr. Gilberts' opinion. Rather, the ALJ discounted the scope of the limitations Dr. Gilberts included in his opinion, and none of the records to which Plaintiff points necessarily support the precise extent of Dr. Gilberts' RFC calculation.

Further, Plaintiff fails to address the ALJ's explanation that Dr. Gilberts' opinion was based on Plaintiff's subjective allegations rather than objective findings. A specific and legitimate reason for rejecting a treating physician's opinion is that the opinion is premised on a claimant's subjective complaints, which the ALJ had properly discredited. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989); *Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).* The ALJ discounted claimant's subjective complaints, and Plaintiff does not contend that he did so in error. AR 21-22. Plaintiff's failure to challenge the ALJ's discounting of Plaintiff's subjective complaints waives any such argument. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003). In any event, this rationale was supported by substantial evidence, as the entirety of Dr. Gilberts' narrative explanation of his RFC calculation was based on Plaintiff's subjective symptom report. AR 1563.

## 2. Activities of Daily Living

The ALJ's rationale that Dr. Gilberts' opinion failed to cite specific treatments or records and relied on Plaintiff's subjective allegations are sufficient to uphold the ALJ's discounting of Dr. Gilbert's opinion. The Court, however, briefly addresses Plaintiff's argument that the ALJ's reliance on Plaintiff's activities of daily living was not a specific and legitimate reason, supported by substantial evidence, for rejecting Dr. Gilberts' opinion.

Inconsistency between a treating provider's opinion and a claimant's daily activities may constitute a specific and legitimate reason to discount that opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Morgan*, 169 F.3d at 600-02). Dr. Gilberts' opinion was simply a filled-out form provided by Plaintiff's counsel. AR 1562-64. Dr. Gilberts marked "yes" under the question asking if Plaintiff would be expected to miss two or more work days per month but left blank the next question asking him to explain this answer. AR 1564. The ALJ

does not elaborate on the specific "normal daily activities" that undermine Dr. Gilberts' opinion, and this lack of elaboration, on its own, may be insufficient evidence to support rejecting Dr. Gilberts' opinion. But the lack of detail in Dr. Gilberts' opinion, combined with the specific and legitimate reason the ALJ provided, supports the ALJ's decision to give only partial weight to the opinion. The ALJ did not err.

## C.  Lay Opinion of Chris Cook

Finally, Plaintiff contends that the ALJ improperly gave only limited weight to the lay opinion of Chris Cook, Plaintiff's past employer. Mr. Cook stated that Plaintiff could not perform her past work as a locksmith, directly contradicting the ALJ's determination at step four of the sequential analysis. AR 418, 23-25. Mr. Cook explained that Plaintiff tried to work but complained of pain from standing and sitting for extended periods and fell asleep at work when she began taking pain medication. Mr. Cook reported that he sought a different solution to accommodate Plaintiff, but she moved the following week. The ALJ gave some consideration to Mr. Cook's insights but found that the employment relationship was of such brief duration that it was not of significant utility in determining Plaintiff's level of functioning over the relevant period. AR 21. Plaintiff worked part-time for Mr. Cook for only the month of March 2015. AR 329.

An ALJ may discount the testimony of a lay witness who has a limited opportunity to observe the claimant. *Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996). Plaintiff contends that a month of part-time work was sufficient for Mr. Cook to observe Plaintiff's limitations and that the length of Plaintiff's employment was not a germane reason for discounting Mr. Cook's statement. This argument is unconvincing. The Court finds that it was not error for the ALJ to give limited weight to Mr. Cook's observations over the course of one month in determining whether Plaintiff was disabled during a multi-year period.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 12th day of June, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge